UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| T'MICHAEL JONES<br>REG. # 062610-019 | : | DOCKET NO. 19-cv-01369<br>SECTION P |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| FEDERAL BUREAU OF PRISONS | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner T'Michael Jones on October 16, 2019 [doc. 1] and a Motion for Relief and Immediate Release from Custody filed on November 18, 2019 [doc. 4]. Jones is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

**I.**
**BACKGROUND**

Jones is currently serving a sentenced imposed on September 30, 2011, by the United States District Court for the Northern District of Georgia, Atlanta Division, in docket numbers 1:11-CR-00218-TWT-03 and 1:11-CR-0439. Doc. 1, p. 1, ¶ 4. He contends that in November 2015, he was informed by his Unit Team at FPC-Atlanta that he received a 27-month reduction in his sentence pursuant to Amendment 782, but three years later, he was informed that they "made a mistake." Doc. 1, p. 7.

**II.**
**LAW & ANALYSIS**

A. **Screening of Habeas Corpus Petitions**

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

B. **Application**

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An initial issue that must be addressed is whether petitioner is required to exhaust administrative remedies. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62

(5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that petitioner believes his grievances will be denied does not make the remedy futile. *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017).

It appears that Jones has presented his claim to the BOP through a BP-11, an appeal to the Office of the General Counsel. *See* Administrative Remedy-Rejection Notice from Central Office, dated May 17, 2019, doc. 4, att. 1, p. 26. Adjudication of the claim at that level would appear to satisfy the exhaustion requirement as it is the is the final stage of the BOP's administrative remedy

procedure. 28 C.F.R. § 542.15(a). However, he has not provided the court with a copy of his BOP-8 or BOP-9, nor with responses to his BOP-8, BOP-9, or BOP-10. Without access to the previous decisions, the Court cannot determine if the claim was properly exhausted or if it was denied based on the petitioner's lack of compliance with some deadline or other procedural basis.

## III.
### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Jones must amend his complaint within the next **60 days** and provide (1) a copy of his BOP-8 and BOP-9; and (2) the responses to his BP-8, BOP-9 and BOP-10. If the administrative remedy response indicates that his claim was not properly exhausted, Jones must explain why an exception to the exhaustion requirement applies to his case or provide documentation showing that the BOP's conclusion is incorrect. Otherwise, his suit is subject to dismissal for failure to exhaust.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Jones at his last address on file.

**IT IS ORDERED** that Jones amend his complaint within **sixty (60) days** of the filing of this order to cure the deficiencies as outlined above.

**IT IS FURTHER ORDERED** that the Motion for Relief and Immediate Release from Custody [doc. 4] is **DENIED**, as petitioner is being ordered herein to amend the instant petition to determine whether he is entitled to the relief sought.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Jones is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 12th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE