UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **T'MICHAEL JONES** | : | **DOCKET NO. 19-cv-01369** |
| **REG. # 062610-019** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL BUREAU OF PRISONS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the original and amended pro se petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc. 1, 6] by petitioner T'Michael Jones, who is an inmate in the custody of the Bureau of Prisons. At the time of filing, Jones was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

The Government summarizes Petitioner's criminal proceedings as follows:

**N.D.Ga. case no. 11-CR-218**
On September 30, 2011, Petitioner entered a plea of guilty to counts eight and nine to the indictment returned in this case. Count eight charged Petitioner with possession of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii); and count nine charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner was sentenced to 147 months of imprisonment: 87 months on count eight and 60 months on count nine, to run consecutively.

On July 2, 2015, Petitioner filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782, which amended the Sentencing Guidelines for most drug offenses by lowering the base offense level

by two levels, and is retroactively applicable. In response to this motion, the Government and Federal Public Defender filed a joint motion seeking a reduced sentence from 147 months of imprisonment to 138 months of imprisonment (78 months on count eight and 60 months on count nine to run consecutively). On November 20, 2015, the district court granted the motion reducing Petitioner's sentence to 138 months.

On July 26, 2019, Petitioner filed a second pro se motion seeking a reduction of his sentence, inter alia, under 18 U.S.C. § 3582(c)(2) pursuant to the retroactive amendment to the sentencing guidelines. Petitioner alleged in that motion, as he alleges in the Petition before this Court, that the BOP committed error calculating his sentence and release date. On October 10, 2019 and after the Government responded to Petitioner's motion, the district court denied Petitioner's motion stating 'he has already received sentence reductions based upon Amendment 782.'

In March 2020, Petitioner wrote to the district court seeking an early release based upon his concerns of the COVID-19 virus at FCI-Oakdale. On May 28, 2020, the Government responded to the motion stating that Petitioner received a COVID-19 Community Referral on May 13, 2020 and his transfer to home confinement was scheduled for June 9, 2020. On June 18, 2020, the district court denied Petitioner's motion (for 'compassionate release').

**N.D.Ga. case no. 11-CR-439**
On September 30, 2011, Petitioner entered a plea of guilty to count on in this case. Count one charged Petitioner with conspiracy to possess with the intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b(1)(A)(iii). On August 6, 2012, Petitioner was sentenced to 121 months of imprisonment. On October 9, 2012, the sentencing court issued an Amendment and Commitment clarifying that the 121 month sentence was to run concurrently with the 147 month sentence imposed in case number 11-CR-218.

On July 2, 2015, Petitioner filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. Doc. 12. The Government and Federal Public Defender again filed a joint motion seeking a reduced sentence on Petitioner's behalf.

On November 10, 2015, the district court granted the motion and reduced Petitioner's sentence from 121 months of imprisonment to 120 months of imprisonment (statutory mandatory minimum) and ordered that the sentence run concurrently to the sentence imposed in case number 11-CR-218.

Doc. 12, pp. 1-3 (internal citations omitted).

Petitioner contends that in November 2015, he was informed by his Unit Team at FPC-Atlanta that he received a 27-month reduction in his sentence pursuant to Amendment 782, but

three years later, he was informed that they "made a mistake." Doc. 1, p. 7. He claims that this sequence of events violated his rights under the Fifth (right to due process), Eighth (to be free from cruel and usual punishment) and Fourth Amendments (to be free from unreasonable search and seizure) of the U.S. Constitution. Doc.1, pp. 6-7. He also asserts that these actions by BOP officials are "totally unethical, a violation of rights, clear negligence, and seriously affects the fairness, justice and integrity of the public reputation and trust in our criminal justice system and the BOP failed on behalf of myself and my family." *Id*. at p.7. He requests "immediate release which prompts the Bureau of Prisons to honor the reduction that was given to not only myself but to my family also." *Id*. at p. 8.

On May 13, 2020, Petitioner received a community referral in accordance with the Attorney General's Prioritization of Home Confinement as Appropriate Response to COVID-19, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf, and on June 9, 2020, he was released to home confinement. His sentence is set to expire on February 8, 2021.

**II.**
**LAW AND ANALYSIS**

A. *Authority of the BOP*

The BOP is authorized to compute sentence credits, but it has no authority to reduce or increase a criminal sentence. Rather, only a federal court is authorized to impose a federal sentence and is required to consider specified stator factors. See 18 U.S.C. § 3553 ("The court shall impose a sentence. . .") After a district court sentences a criminal defendant, the Attorney General, through the BOP, has the responsibility for administering the sentence. *United States v. Wilson,* 503 U.S. 329, 335 (1992); see also, 8 U.S.C. § 3621(a).

The Government has submitted the docket sheets of Petitioner's criminal proceedings in the U.S. District Court for the Northern District of Georgia. *See* Doc. 12, atts. 1 & 2. The docket

sheet in 11-CR-218 and pleadings associated therewith clearly reflect that Petitioner's 147-month sentence was reduced to 138 months under Amendment 782, and the sentencing court denied any further reduction under Amendment 782. *See* Doc. 12, att 3, p. 2; *id*. at p. 16.

Moreover, the docket sheet in 11-CR-439 and pleadings associated therewith demonstrate that Petitioner's 121-month sentence was reduced to 120 months under Amendment 783. *Id*. at p. 18. Although Petitioner alleges that his 147-month sentence was reduced to 120 months, the dockets in his criminal proceedings demonstrate that this assertion is incorrect.

The Government argues, and this Court agrees, that the BOP in this matter simply administered a sentence imposed by the sentencing court. After receiving a reduction in both of his criminal cases, the sentencing court rejected Petitioner's second request to reduce his sentence under Amendment 782 any further stating, "[Petitioner] has already received sentence reductions based upon Amendment 782." *Id*. at p. 16. Even assuming for purposes of this analysis that the BOP website showed an inaccurate release date, or that a BOP officer provided inaccurate information to Petitioner regarding his release date, there is no evidence to show that Petitioner's sentence was reduced to 120-months and, as such, the BOP is not authorized to administer such a sentence.

### B. 28 U.S.C. § 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Fifth Circuit has observed that "[a] petition for a writ of habeas corpus pursuant to [section] 2241

is not a substitute for a motion under 8 U.S.C. § 2255." *Id*. at 452, quoting, *McGhee v. Hanberry,* 143 6 F.2d 9, 10 (5th Cir. 1979) (internal quotations omitted).

This Court is not authorized to order the BOP to administer a 120-month sentence (as opposed to 138 months ordered by the sentencing court in 11-CR-218). As the Government contends, such action would be tantamount to re-sentencing Petitioner to 120-months. Therefore, this Court is without jurisdiction under § 2241 to review Petitioner's challenges his sentence.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **DENIED** and the matter be **DISMISSED WITH PREJUDICE.**

THUS DONE AND SIGNED in Chambers this 14th day of October, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE